UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SALVADOR SABELLA, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-9696** |
| **AT&T MOBILITY, LLC** | **SECTION: "G"(3)** |

## ORDER

Before the Court is Plaintiffs Salvador Sabella and Sabella's Plumbing Co., Inc.'s ("Plaintiffs") "Unopposed Motion for Leave to Amend Complaint."[1] Plaintiffs seek leave of Court to file an amended complaint "to properly identify the Defendants made subject of this litigation."[2] Pursuant to the Court's Scheduling Order, "[a]mendments to pleadings, third-party actions, cross claims, and counterclaims shall be filed no later than November 15, 2019."[3] The instant motion seeking to file an amended complaint was not filed, however, until November 19, 2019.[4]

The decision to grant or deny leave to amend a complaint lies within the discretion of the district court.[5] Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order's deadline to amend has expired.[6] Rule 16(b) provides that once a scheduling

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 21-1 at 1.

[3] Rec. Doc. 20 at 2.

[4] Rec. Doc. 21.

[5] *Little v. Liquid Air Corp.*, 952 F.2d 841, 845 (5th Cir. 1992).

[6] *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

1

order has been entered, it "may be modified only for good cause and with the judge's consent."[7] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[8] As the Fifth Circuit has explained, the four factors bearing on good cause in the context of untimely motions to amend pleadings are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[9]

Here, the Court finds that Plaintiffs have not established good cause to modify the Court's Scheduling Order to allow Plaintiffs to amend the Complaint. However, it appears from the motion that the parties agree that the wrong Defendant was named.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Salvador Sabella and Sabella's Plumbing Co., Inc.'s ("Plaintiffs") "Unopposed Motion for Leave to Amend Complaint."[10] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this ___20th___ day of November, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT JUDGE**

---

[7] Fed. R. Civ. P. 16(b)(4).

[8] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises*, 315 F.3d at 535); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990).

[9] *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W Enters.*, 315 F.3d at 536).

[10] Rec. Doc. 21.